# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH GREGORY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. CV410-249 |
| v. | ) | |
| | ) | |
| WILLIAM DANFORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

When this Court granted Joseph Gregory Miller's motion for leave to file his 28 U.S.C. § 2254 petition *in forma pauperis*, it noted that he was still in the process of exhausting his state habeas court remedies. Doc. 3. at 4. Miller claimed difficulties on that score, so the Court directed the respondent to show cause why his "claims should not be deemed exhausted." *Id.* at 2. Due to a processing error, it appears that respondent was never served with that Order.

Meanwhile, and evidently in an effort to show exhaustion, Miller has filed a "Motion to Amend Pending Habeas." Doc. 4. It, along with

his original petition, supplies the following time-line:

(a) Miller was convicted[1] of murder, aggravated assault and other crimes in March 29, 2006. Doc. 1 at 3.

(b) Those convictions were affirmed on March 17, 2008. *Id.*

(c) At some point he filed a state habeas petition.

(d) "On March 29, 2009, [he] was given an evidentiary hearing. [A]fter that hearing I was told by Judge Hardy I would receive my transcript and then I will have 30 days to complete my brief. I have not received any transcript so this is why I am filing my [28 U.S.C. § 2254 habeas petition] in this Court." *Id.*[2]

(e) The state habeas court denied his petition on March 17, 2010. Doc. 4 at 1.

(f) Miller appealed that ruling on April 8, 2010 and the Georgia Supreme Court denied it on November 1, 2010. *Id.* at 2.

(g) He filed his 28 US.C. § 2254 petition here on October 19, 2010. Doc. 1 at 19 (his signature date).

Upon preliminary review under the rules governing 28 U.S.C. § 2254 proceedings (Rule 4) and 28 U.S.C. § 2243, the respondent is directed to supply the dates on which Miller filed his direct appeal and

---

[1] He does not say whether the State obtained this conviction following a jury trial or some sort of plea.

[2] This is all the information Miller supplied as of the date his § 2254 petition arrived at this Court on October 27, 2010. Doc. 1. Inexplicably, and as shown by his later-filed "Motion to Amend," the state habeas court in fact had denied his state petition on March 17, 2010. Doc. 4 at 1. Yet, he did not reveal that fact in his October 19, 2010-signed petition here. *See* doc. 1.

2

state habeas petition. Miller's petition here may be time barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Brown v. Hooks*, 2007 WL 1625074 at * 2 (M.D. Ala. Jun. 5, 2007).[3] Respondent may do so by moving to dismiss Miller's petition for untimeliness if not any other available grounds.

Accordingly, the Clerk is **DIRECTED** to forward to the Marshal sufficient copies of this Order and the petition for service upon the respondent by certified mail and upon the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Mary Beth Westmoreland, by regular mail. The Marshal's return shall constitute prima facie evidence of service of process.

The respondent is further **ORDERED**, within thirty days after service of this Order, to file a response and to show cause why the relief sought should not be granted. The answer shall conform to the

---

[3] 28 U.S.C. § 2254 Rule 4 empowers federal district courts to raise AEDPA's statute of limitation sua sponte and dismiss clearly time-barred petitions. *Jackson v. Sec'y for Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002); *Brightwell v. Patterson*, 2011 WL 1930676 at * 1 (S.D. Ala. Apr. 11, 2011).

requirements of 28 U.S.C. § 2254, Rule 5.  Respondent shall furnish with the answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings and orders of the state court denying the writ and, if the petition appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of all appellate briefs and of the opinion of the appellate court, if any. However, respondent may abstain from filing "merits" based materials while any preliminary motion to dismiss (*e.g.*, on time-bar grounds) is pending.

**SO ORDERED** this  7th  day of July, 2011.

/s/ G.R. Smith  
UNITED STATES MAGISTRATE JUDGE  
SOUTHERN DISTRICT OF GEORGIA